PROB 12C
(6/16)

Report Date: September 15, 2017

# United States District Court

for the

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Sep 15, 2017**

SEAN F. MCAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Nathon Paul Olney | Case Number: 0980 2:07CR00128-EFS-1 |

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: January 15, 2009

| | | |
|---|---|---|
| Original Offense: | Abusive Sexual Contact, 18 U.S.C. §§ 2244(a)(5), 1151, and 1153 | |
| Original Sentence: | Prison - 130 months; TSR - Life | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Stephanie A. Van Marter | Date Supervision Commenced: March 15, 2017 |
| Defense Attorney: | Federal Defenders Office | Date Supervision Expires: Life |

## PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance
---|---
1 | **Standard Condition # 3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
 | **Supporting Evidence**: On March 17, 2017, Mr. Nathon Olney signed his conditions of supervision relative to case number 2:07CR00128-EFS-1, indicating that he understood all conditions as ordered by the Court.  Specifically, Mr. Olney was made aware by his U.S. probation officer that he was required to follow all directives provided to him by the undersigned officer, and that he was required to report as directed.
 | Mr. Olney is alleged to have violated standard condition #3 by failing to report to U.S. Probation on September 15, 2017, by 12:00 p.m. as directed by the undersigned officer.
 | Specifically, on September 15, 2017, at 7:45 a.m. the undersigned officer received a phone call from the director of the Spokane Residential Reentry Center (RRC) who indicated that the client had stated that he would be "walking out" of the Spokane RRC this date. The undersigned officer was able to speak with the client telephonically who confirmed his intent, despite attempted intervention by the undersigned officer. The undersigned officer then directed the client to report to the U.S. Probation Office that day by 12:00 p.m. Mr. Olney has since failed to report as directed, and his current whereabouts are unknown to the

undersigned officer. RRC staff confirmed that the client did immediately leave the Spokane RRC following the phone call with this officer.

2     **Special Condition # 16**: Defendant shall complete a sex offender evaluation, which may include psychological, physiological, and polygraph testing. Defendant shall pay according to defendant's ability and allow full reciprocal release of information between the treatment provider and supervising probation officer.

**Supporting Evidence**: On March 17, 2017, Mr. Nathon Olney signed his conditions of supervision relative to case number 2:07CR00128-EFS-1, indicating that he understood all conditions as ordered by the Court. Specifically, Mr. Olney was made aware by his U.S. probation officer that he was required to fully participate in a full sex offender assessment, as well as any required polygraph testing.

Mr. Olney is alleged to have violated special condition #16 by failing to attend his full disclosure polygraph test previously scheduled for September 15, 2017, at 9:00 a.m.

Specifically, on September 15, 2017, at 12:00 p.m. the undersigned officer contacted the contracted polygrapher who confirmed that the client had failed to appear this date at his office at 9:00 a.m. for his polygraph test as previously scheduled.

It should be noted that Mr. Olney had admitted during a telephone discussion earlier in the day that he had scheduled the appointment with the polygrapher as required, but had failed to submit a leave slip with the Spokane RRC to allow him to travel to the provider. Mr. Olney has since failed to report to U.S. Probation as directed.

3     **Special Condition # 28**: You must reside in a residential reentry center (RRC) for a period up to 120 days at the direction of the supervising officer. Your participation in the programs offered by the RRC is limited to employment, education, treatment, and religious services at the direction of the supervising officer. You must abide by the rules and requirements of the facility.

**Supporting Evidence**: On March 17, 2017, Mr. Nathon Olney signed his conditions of supervision relative to case number 2:07CR00128-EFS-1, indicating that he understood all conditions as ordered by the Court. Specifically, Mr. Olney was made aware by his U.S. probation officer that he was required to reside at the Spokane RRC until he was approved to leave by the undersigned officer, and was able to secure resources sufficient to become stable in the community.

On August 31, 2017, a second RRC condition was sought with respect to this case, as the client had yet to secure stable employment or residency in Spokane. This condition was ordered by the Court on September 6, 2017. Mr. Olney was informed that the condition would remain in place for a period of 120 days or until he was able to secure residency and employment, to which he indicated that he understood.

Mr. Olney is alleged to have violated special condition #28 by walking out of the Spokane RRC on September 15, 2017. Due to his actions, Mr. Olney was unsuccessfully discharged from the facility, and placed on abscond status.

Prob12C
**Re: Olney, Nathon Paul**
**September 15, 2017**
**Page 3**

Specifically, on September, 15, 2017, the undersigned officer received a telephone call from the director of the Spokane RRC who indicated the client had stated that he was "walking out" of the Spokane RRC. The undersigned officer was able to speak with the client telephonically at which time he indicated that he was not "cut out for this" and further clarified that he was referring to life on the "outside." Despite attempted intervention by the undersigned officer, the client continued to ask what would happen if he absconded. The undersigned officer then directed the client to report to U.S. Probation that date for further discussion; however, the client has now failed to report as directed, and according to RRC staff, left the facility immediately after speaking with this officer, and without taking any of his property. The client did indicate during discussion that he would be turning himself into the Spokane County Sheriff's Office, but refused to elaborate on why he felt this would be an appropriate action.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the offender to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   September 15, 2017

s/ Chris Heinen

Chris Heinen
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

*Signature of Judicial Officer*

_09/15/2017_
Date